UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANCIS AUSTIN,
       Plaintiff,

    -v-

FORDHAM UNIVERSITY, *et al.*,
       Defendants.

21-CV-6421 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

  Counsel for Plaintiff has filed a letter criticizing this Court's September 30, 2022 opinion and order, which granted Defendants' motion to dismiss.  (*See* Dkt. No. 57.)  Plaintiff states that he intends to file a motion for reconsideration under Federal Rule of Civil Procedure 59(e).  He is free to do so.  The Court will not otherwise address the issues raised in Plaintiff's letter except in one respect: Plaintiff's "demand" that I "*immediately* disqualify [my]self as a judge in this case."

  Plaintiff's counsel asserts that, after receiving the Court's recent opinion, he conducted an internet search and learned that I had previously taught at Fordham Law School.  I did teach a class at Fordham Law School for a single semester over a decade ago, before I became a judge—in the fall semester of 2009.  Since that time, I have had no affiliation or relationship with Fordham Law School or Fordham University.

  Under 28 U.S.C. § 455(a), when a federal judge's "impartiality might reasonably be questioned," the judge shall recuse himself.  Under 28 U.S.C. § 455(b), the judge shall also recuse himself if he has "personal bias or prejudice concerning a party," "personal knowledge of disputed evidentiary facts concerning the proceeding," "a financial interest in the subject matter . . . or in a party . . . , or any other interest that could be substantially affected by the outcome of

1

the proceeding . . . ." The Due Process Clause further requires recusal in circumstances "in which experience teaches that the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable." *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 877 (2009).

In this case, I hold no personal bias or prejudice for or against any party, nor do I have any relationship or financial interest that would warrant recusal. I have never met or heard of any of the individuals named in the complaint. My recent opinion on Defendants' motion to dismiss was based entirely on my interpretation and application of the applicable law. Nor does the fact that I taught for one semester at Fordham Law School thirteen years ago mean that my "impartiality might reasonably be questioned." The federal courts that have addressed the issue of adjunct teaching have considered whether a judge's *current teaching* on an adjunct basis might call for recusal—and even in that situation, recusal has not necessarily been required in a case involving the parent university, depending on "the size and cohesiveness of the university, the degree of independence of the law school, the nature of the case, and related factors." *Sessoms v. Trustees of Univ. of Pennsylvania*, No. CV 16-2954, 2017 WL 2242847, at *2 (E.D. Pa. May 23, 2017) (quoting *Guide to Judiciary Policy, Compendium of Selected Ethics Advisory Opinions* § 3.4-3(a)), *aff'd*, 739 F. App'x 84, 90 (3d Cir. 2018); *see also Medsense, LLC v. University Sys. of Maryland*, No. 20-CV-892, 2020 WL 3498084 (June 29, 2020).

There appears to be no authority suggesting that a judge's having taught a class over a decade ago at a university's law school requires recusal from any case involving the university. Under the circumstances here, I do not believe that my impartiality "might reasonably be questioned."

Plaintiff's counsel also asserts that I "deliberately and consciously chose to conceal [my] link to Fordham." That is not the case. I frankly did not think about any "link" to Fordham, given how long ago and how briefly I taught there. It is true that I did not hold a conference or oral argument in this case, but counsel's charge that I "steadfastly refused to have *any* direct communications with [him]" is baseless. When a motion to dismiss is filed in a civil case, I routinely defer an initial discovery conference until I review the motion papers to determine whether discovery should commence. And I typically decide dispositive motions on the papers without oral argument, particularly motions under Rule 12(b)(6), where the entire question is whether the complaint's written allegations state a valid claim under the law.

My handling of this case, including my decision on Defendants' motion to dismiss, has not in any way been influenced by any bias or prejudice or connection to a party, nor is there a reasonable basis to question my impartiality.

Accordingly, Plaintiff's request that I recuse myself is denied.

SO ORDERED.

Dated: October 11, 2022
New York, New York

_____
J. PAUL OETKEN
United States District Judge